UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>JOSE MOLINA-FIERRO,<br><br>Defendant/Petitioner. | Civil No. 05-CV-0431-L<br>Criminal No. 99-CR-3023-L<br><br>**ORDER**<br><br>**1) DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE; and**<br><br>**2) DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF LEGAL COUNSEL** |

Defendant, a prisoner in federal custody proceeding *pro se*, filed a motion pursuant to 28 U.S.C. Section 2255 to vacate, set aside or correct sentence ("Petition"), and requested appointment of counsel. The court issued an order requiring the government to respond to Defendant's Motion and denying his request for appointment of counsel. Subsequently, Defendant renewed his motion for appointment of counsel, and the government filed a response to the Petition combined with a motion to dismiss. Defendant did not reply to the government's response. For the reasons which follow, Defendant's motion for appointment of counsel is **DENIED**, the government's motion to dismiss is **GRANTED**, Defendant's Petition is **DISMISSED**.

On December 20, 1999, Defendant pleaded guilty to false use of passport in violation of 18 U.S.C. § 1543.  (*See* Minutes, 12/20/99; Reporter's Transcript, 12/20/99.)  Defendant was sentenced on March 6, 2000.  His sentence included time in custody followed by supervised release.  (Judgment, 3/6/00.)  On November 23, 2004, Defendant admitted to having violated the terms of his supervised release, and was sentenced to additional time in custody.  (Judgment, 11/23/04.)

With respect to Defendant's motion for appointment of counsel, there is no automatic right to appointment of counsel in section 2255 proceedings.  *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990).   The court has discretion to appoint counsel in habeas proceedings if the "interests of justice" so require.  18 U.S.C. § 3006A(a)(2)(B).  In determining whether to appoint counsel under this standard, the court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Neither the complexity of the claim raised by Defendant nor the likelihood of success on the merits warrants the appointment of counsel in this case.

Defendant requests the court "to vacate [his] sentence in light of the Supreme Court decision involving the Guidelines . . .."  (Pet. at 1.)  Constitutional rights at sentencing and the Sentencing Guidelines were most recently addressed in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).  Defendant does not specify whether his Petition is an attack on his sentence imposed on March 6, 2000 or on November 23, 2004.  The government argues the Petition should be dismissed regardless of which sentence is being attacked.

To the extent Defendant is collaterally attacking the March 6, 2000 judgment, the Petition, which was filed on March 3, 2005, is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2255(1) ("A 1-year period of limitation . . . shall run from the latest of [¶] (1) the date on which the judgment of conviction becomes final.").

To the extent Defendant relies on *Blakely* and *Booker* to apply retroactively so as to bring the Petition within the statute of limitations, the argument is unavailing.  *See* 28 U.S.C.

1  § 2255(3) ("A 1-year period of limitation . . . shall run from the latest of [¶] (3) the date on
2  which the right asserted was initially recognized by the Supreme Court, if that right has been
3  newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
4  review."). *Blakely* and *Booker* were decided both after the sentencing and judgment on March 6,
5  2000, and after the revocation of probation on November 23, 2004. However, neither *Blakely*
6  nor *Booker* applies retroactively. *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *Cook v.*
7  *United States*, 386 F.3d 949 (9th Cir. 2004).

8      For the foregoing reasons, Defendant's motion for appointment of counsel is **DENIED**,
9  the government's motion to dismiss is **GRANTED**, and the Petition is hereby **DISMISSED**.

10
11     **IT IS SO ORDERED.**
12
13 DATED: November 21, 2006
14
                                                                                  M. James Lorenz
15                                                                               United States District Court Judge

16 COPY TO:
17 ALL PARTIES/COUNSEL
18
19
20
21
22
23
24
25
26
27
28